**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4565

J. C. CLAYTON, a/k/a Frank James,
a/k/a Frank J. Allen,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-95-25)

Submitted: October 7, 1997

Decided: November 10, 1997

Before ERVIN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Scott E. Jarvis, SCOTT E. JARVIS & ASSOCIATES, Asheville,
North Carolina, for Appellant. William Mark Boyum, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

J. C. Clayton pled guilty to communicating a threat through the United States mail, in violation of 18 U.S.C. § 876 (1994). The district court sentenced Clayton to forty-two months imprisonment to be followed by a three year term of supervised release. Clayton appeals, challenging the manner in which his sentence was structured and the length of the sentence imposed. Clayton's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), presenting several issues, but stating that, in his view, there are no meritorious issues for appeal. Clayton's counsel provided him with a copy of the Anders brief and informed him of his right to file a pro se supplemental brief; he failed to do so. Based on the express waiver in Clayton's plea agreement of his right to appeal, we dismiss.

A defendant may waive the right to appeal if that waiver is knowing and intelligent.[1] In determining whether a waiver is knowing and intelligent, we examine the background, experience, and conduct of the defendant.[2] Generally, we have found that if the district court fully questions a defendant regarding waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable.[3] However, waiver of appeal does not prohibit the appeal of a sentence imposed in excess of the statutory maximum, a sentence based on a constitutionally impermissible factor such as race,[4] or pro-

_____

[1] **See United States v. Broughton-Jones**, 71 F.3d 1143, 1146 (4th Cir. 1995).
[2] **See Broughton-Jones**, 71 F.3d at 1146.

[3] **See United States v. Wessells** , 936 F.2d 165, 167-68 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990).

[4] **United States v. Marin**, 961 F.2d 493, 496 (4th Cir. 1992).

2

ceedings following entry of guilty plea conducted in violation of Sixth Amendment right to counsel.[5]

Here, the transcript of Clayton's Rule 11 hearing reveals that he understood the full significance of the waiver provision of his plea agreement. After reviewing the written plea agreement with counsel, Clayton signed the agreement, which provided that Clayton expressly waived the right to contest his conviction or sentence in any direct appeal or post-conviction proceeding, except to assert claims of ineffective assistance of counsel or prosecutorial misconduct. At the Rule 11 hearing, Clayton stated that he was satisfied with counsel's services. The Government summarized the plea agreement, including the waiver provision. Clayton acknowledged his signature on the agreement and stated that he understood and agreed with the Government's summary. When the magistrate judge specifically asked Clayton about the waiver, he stated that he understood he was waiving his right to appeal.[6] On these facts, we find that Clayton's waiver was knowingly and intelligently given.

Further, because Clayton's assertions do not support claims of ineffective assistance of counsel or prosecutorial misconduct and because, in our review of the record, we have found no evidence that Clayton's sentence was imposed in excess of the statutory maximum or based on any impermissible factor, or that his Sixth Amendment right to counsel was violated, we find that his waiver is both valid and enforceable. Accordingly, we dismiss the appeal.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

_____

[5] **United States v. Attar**, 38 F.3d 727, 732-33 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995).
[6] Clayton consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C.A. § 636 (West 1994 & Supp. 1997), for the purposes of accepting Clayton's guilty plea.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4